N. G. O. CODE, PLAINTIFF IN ERROR, v. WM. R. CARL-
TON, JOHN FITZGERALD, AND ALBRO J. AMES,
DEFENDANTS IN ERROR.

**Lien of Laborer on Railroad:** ATTACHMENT. A. J. A. was a
subcontractor under J. F. to build certain sections of a railroad,
which work he again sublet to H., L. and L., who were perform-
ing said work. Upon the completion of said contract said J. F.
would be indebted to A. J. A. $2,413.27. H., L. and L. filed a
statutory lien on said railroad for their work and labor in build-
ing said sections thereof. W. R. C., in the presence of A. J. A.,
presented for acceptance and payment to J. F. a draft or order
drawn by A. J. A. on J. F. in favor of and payable to W. R. C.
for the sum of $1,041.50 in full of all claims. Whereupon J. F.
stated to A. J. A., in the presence of W. R. C., that he would
not pay it until all of the liens for labor on said sections were
settled and paid off. N. G. O. C. sued out an attachment against
A. J. A., and garnished J. F.; *Held*, That there was an equita-
ble assignment and appropriation of the money payable from
J. F. to A. J. A. to W. R. C. to the amount called for in said
draft or order subject to the said statutory liens.

ERROR to the district court for Lancaster county. Tried
below before POUND, J.

*Field & Harrison*, for plaintiff in error.

*Harwood, Ames & Kelly*, for defendant in error Carl-
ton.

COBB, CH. J.

It appears from the record that on the 5th day of Feb-
ruary, 1884, Wm. R. Carlton commenced an action in the
district court of Lancaster county against John Fitzgerald
and Albro J. Ames. In his petition the said Carlton al-
leged that on or before the 3d day of January, 1883, and
ever since said time the said Fitzgerald had been and still
was, but for the facts and circumstances thereinafter set

forth, justly indebted to the said Ames in a sum exceeding the sum of one thousand and forty-one dollars and fifty cents, and that on said 3d day of January, 1883, and before that time the said Ames was, and still is, justly indebted to the said Carlton in said sum of one thousand and forty-one dollars and fifty cents, and that on said last named date, in consideration of the said indebtedness, the said Ames made, executed, and delivered to the said Carlton his certain order or bill of exchange in writing in the words and figures following: .

"CHESTER, NEB., Jan. 3, 1883.

"John Fitzgerald, please pay W. R. Carlton ten hundred and forty-one and $\frac{50}{100}$ dollars ($1,041.50) as payment in full for all claims to date.

"(Signed) A. J. AMES."

That afterwards, and on or about the 21st day of January, 1884, the said Carlton presented said order to Fitzgerald, and requested him to accept the same, and that thereupon said Fitzgerald, in the presence of said Ames, told the plaintiff that he, said Fitzgerald, was owing said Ames several hundred dollars in addition to the amount of said order, but that said Ames had been a subcontractor under said Fitzgerald for the building of a certain line of railroad, and had in the prosecution thereof relet certain portions of said work to Higgins, Little, and Love, and that they had filed liens on said road for the certain amounts claimed to be due them by virtue of their respective contracts with said Ames, as aforesaid, and that he, said Fitzgerald, was unable to determine for what amount said claims and liens would be established, or were valid, nor how much, therefore, would remain in his hands due to said Ames after their satisfaction, and that he declined, therefore, to accept said order. But then and there, with the present consent of said Ames, agreed with and promised the plaintiff that whatever amount should remain

payable by him, Fitzgerald, to Ames, after the satisfaction of said liens, he would pay the plaintiff by reason of said order to the full amount thereof. Also that afterwards and on or about the 30th day of January, 1884, the plaintiff again presented said order to said Fitzgerald, and again requested him to pay or unconditionally accept the same, which said Fitzgerald again refused to do, using substantially the same language as hereinbefore recited, and saying to the plaintiff, in the presence and with the express assent of said Ames, that he, plaintiff, might rest perfectly easy, that whatever remained of the moneys in his hands due said Ames over and above the amount of said liens, he, said Fitzgerald, would pay the plaintiff to the full amount of said order, and that he would fully protect the plaintiff in the premises. It was further alleged in and by said petition that at all the times thereinbefore stated said Fitzgerald was owing and that he was still owing to said Ames a greater sum than ten hundred and forty-one dollars and fifty cents over and above all claims, liens, and demands, of whatever description, which the said Higgins, Little, and Love, all or any of them have, or at any time or now claim to have against the said Ames, or against or upon said line of railroad. That the said Ames is insolvent, and is a non-resident of this state, and has no property or effects whatever, except said moneys in the hands of said Fitzgerald, applicable to the payment of said demand.

With prayer for judgment, etc.

On the 12th day of June, 1884, N. G. O. Code applied for and obtained leave of court to intervene and answer in said cause, and on the 16th day of June following, filed his answer and cross-bill therein. In and by said answer he alleged that on the 30th day of January, 1884, he, the said Code, commenced an action in the district court of Lancaster county against the said Albro J. Ames, and caused an attachment to issue in said cause, and notice in

garnishment was served upon said Fitzgerald, defendant herein, and such further proceedings were had in said action that at the February term of said court, to-wit, March 24th, 1884, the said Code obtained a judgment against said Ames for the sum of $2,455.94, debt and costs. The said Fitzgerald as garnishee in said cause appeared and answered, and from said answer the court found in the possession of said Fitzgerald property of said Ames in the sum of $2,413.27, and on said 27th day of March the court ordered the said Fitzgerald to hold the same, subject to the order of the court.

Further, that at the time of the giving of the order mentioned in the plaintiff's petition by the said Ames to this plaintiff, the said Ames had no funds whatever in the hands of the said Fitzgerald.

That at the time of the commencement of this action, and of the service of garnishment on said Fitzgerald, said Fitzgerald had not accepted said draft and had refused to accept the same. That by virtue of said garnishment proceeding the said Code is entitled to receive or hold all of the said $2,413.27, by this court found in the possession of said Fitzgerald belonging to said Ames; that no part of the above mentioned judgment obtained by him against said Ames has been paid.

Also denies that the plaintiff herein ever had or acquired any lien or claim whatever, by virtue of said alleged draft, upon the money in hands of Fitzgerald belonging to the said Ames, and denies each and every allegation in his petition contained, except as may be admitted herein.

With demand for judgment, etc.

On the 24th day of June, 1884, the defendant, John Fitzgerald, made and filed his answer in said action, wherein and whereby he admitted all the facts stated in said the plaintiff's petition, except what were therein denied or modified; said defendant averred that since the giving of the order by him referred to in plaintiff's petition,

he was garnished in the case of N. G. O. Code v. Albro J. Ames, and made his answer thereto in said court, which answer in garnishment he made a part of his answer herein. Defendant admitted that he had in his possession moneys belonging to one Albro J. Ames amounting to $1,006.31, subject, however, to the order of Albro J. Ames on John Fitzgerald, in favor of said Carlton, and also subject to the said garnishment proceeding of N. G. O. Code.

That defendant did not know to whom said money belongs, and asks that the said court make such order in regard to the disposition of the money as should protect him, the said defendant, and prevent him from having to pay said money twice.

It also appears that on the 23d day of June, 1884, the said plaintiff Carlton made and filed his reply to the answer and cross-bill of the said Code, in and by which he denied each and every allegation of new matter in said answer and cross-bill contained.

Upon the trial to the court the answer of John Fitzgerald in garnishment in the case of *N. G. O. Code v. Albro J. Ames*, with exhibits thereto attached, was admitted in evidence, and constitutes the entire evidence in the case. Upon it the district court found for the plaintiff, and that there was due him from the defendant John Fitzgerald on the order set out in the petition the sum of one thousand dollars. And the court further found that there was due to defendant N. G. O. Code from said defendant John Fitzgerald the sum of fourteen dollars and eighty-one cents, upon his answer and cross-petition in said action, not including the amount, if any, that may be owing by said Fitzgerald after satisfying contested liens mentioned in his answer in garnishment introduced in evidence in said action. And thereupon the court rendered judgment in favor of William R. Carlton against John Fitzgerald for the said sum of one thousand dollars, and in favor of N. G. O. Code and against John Fitzgerald for the said sum of fourteen dollars and eighty-one cents.

The cause is brought to this court on error by N. G. O. Code. There is but one error assigned, although the same is stated in three different forms all amounting to the same proposition, to-wit: "That the findings and judgment are not sustained by the evidence."

In my view the evidence as contained in the bill of exceptions establishes the facts set out in the petition, and but for the peculiar attitude of the parties the sole question governing the case might as well have been presented by a demurrer to the petition.

I think that the facts set out in the petition and established by the evidence constituted an equitable assignment of whatever funds might prove to be in Fitzgerald's hands belonging or coming to Ames upon the completion of the work and the adjustment of the statutory liens thereon. By the drawing and delivery of the draft or order Ames agreed to such assignment; by its receipt and presentation to Fitzgerald, Carlton agreed to the same, and the verbal conditional acceptance by Fitzgerald was clearly binding on him within the terms of the limitations embraced in such acceptance. While it is true that it is not stated in the draft or order mentioned in the petition and referred to in the bill of exceptions that the same was drawn upon the fund in Fitzgerald's hands payable to Ames upon the completion of his sub-contract on the railroad, yet it was certainly so expressed, understood, and intended by Carlton, Ames, and Fitzgerald at the time of the presentation of said order to Fitzgerald and its qualified acceptance by him. While it may be granted that the making and delivery of the draft or order by Ames to Carlton did not amount to a legal appropriation of any particular fund to its payment, yet I think that those facts, taken in connection with the qualified verbal acceptance of the draft or order by Fitzgerald in the manner set out in the petition and bill of exceptions, and in the presence of both the drawer and holder thereof, did, upon the princi-

ples of all the authorities cited, amount to an equitable and irrevocable appropriation of this particular fund to the extent of the amount stated in said draft or order.

It is not contended, nor do I think it could be successfully, that. Ames, after the facts and circumstances above referred to, could have maintained an action against Fitzgerald for the said moneys. If Fitzgerald could not have been sued by Ames then it is clear, both upon principle and authority, that he cannot be garnished by Ames' creditor.. "A fundamental doctrine of garnishment is, that the plaintiff does not acquire any greater rights against the garnishee than the defendant himself possesses. When, therefore, the attachment plaintiff seeks to avail himself of the rights of the defendant against the garnishee his recourse against the latter must of necessity be limited by the extent of the garnishee's liability to the defendant." Drake on Att., § 458. The exception to the above principle need not.be here referred to, as there was not even a suggestion of fraud in the case at bar.

The judgment of the district court is affirmèd.

JUDGMENT AFFIRMED.

THE other judges concur.